IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| X CORP., <br><br> Plaintiff, <br><br> v. <br><br> OPERATION BLUEBIRD, INC., <br><br> Defendant. | C.A. No. 25-cv-1510-CFC |

**DEFENDANT'S EMERGENCY MOTION FOR EXTENSION OF TIME AND FOR A SCHEDULE FOR BRIEFING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant, Operation Bluebird, Inc. ("Bluebird") hereby moves the Court under Federal Rule of Civil Procedure 6(b)(1) and Local Rule 7.1.2 for an extension of time to respond to Plaintiff's Motion for Preliminary Injunction ("PI Motion") (D.I. 9) and to set a schedule for briefing the PI Motion. In support of the Motion, Bluebird states:

1. On December 16, 2025, Plaintiff X Corp ("X") filed its Complaint (D.I. 1) against Bluebird alleging, *inter alia,* trademark infringement.

2. On December 26, 2025, the day after the Christmas holiday and on a Court holiday and federal holiday declared by the President of the United States, X filed a Motion for Preliminary Injunction ("PI Motion") (D.I. 9).

1

3. Pursuant to D. Del. L.R. 7.1.2(b), Plaintiff's response is due January 9, 2026.

4. Since the filing of the PI Motion, the parties have been unable to agree to a briefing schedule for the Motion, despite efforts to reach agreement, and absent an agreement, X refuses to agree to any extension for Bluebird to file it Opposition Brief to the PI Motion.

5. This Court may extend Bluebird's time to respond to the PI Motion "for good cause." Fed. R. Civ. P. 6(b)(1)(A). To establish good cause, "the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence." *Davis v. Ace Hardware Corporation*, 2014 WL 2990329, at *2 (D. Del. July 2, 2014). Good cause is a "non-rigorous" standard: it "should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.*

6. Bluebird has worked diligently with X to come to an agreement on a schedule but no agreement was reached.

7. Bluebird submits that good cause exists for an extension to file its Opposition Brief for several reasons. First, when a motion for preliminary injunction is filed, it is typically the practice for the parties to agree to a brief period of focused, expedited discovery to allow a defendant an opportunity to obtain information needed for its response. In this case, the parties have not been

able to reach such an agreement for either discovery or for briefing schedule. Second, X filed its Motion on December 26, in the midst of the holiday season and on a Court and presidentially declared Federal Holiday. Given these circumstances, Bluebird submits that good cause necessitates an extension of time for it to file its Opposition Brief.

8. By way of discovery and briefing schedule, Bluebird proposes a short discovery period with all written discovery and depositions completed by April 6, 2026 and briefing completed by April 27, 2026. A proposed expedited discovery schedule is attached hereto as Exhibit A.

9. The discovery Bluebird seeks is narrow and focused and pertains solely to issues relating to X's abandonment of the TWITTER trademarks at issue in this Action, namely communications regarding the rebrand to X and cessation of use of the TWITTER trademarks.

10. In conclusion, Defendant respectfully requests that the Court grant this Motion requesting expedited discovery in connection with Plaintiff's PI Motion and an extension of time to respond to Plaintiff's PI Motion and enter the proposed Order attached as Exhibit A.

| | |
|---|---|
| Dated: January 9, 2026 | Respectfully submitted,<br><br>FARNAN LLP<br><br>/s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 777-0300<br>Fax: (302) 777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Andrew Gerber (admitted *pro hac vice*)<br>Gerber Law<br>27 Union Square West, Suite 301<br>New York, NY 10003<br>(212) 658-1810<br>andrew@gerberlaw.com<br><br>*Attorneys for Defendant Operation Bluebird, Inc.* |