IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| X CORP., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) C.A. No. 25-1510-CFC ) |
| OPERATION BLUEBIRD, INC., | ) **JURY TRIAL DEMANDED** ) |
|       Defendant. | ) ) |

**PLAINTIFF X CORP.'S ANSWER TO DEFENDANT
OPERATION BLUEBIRD'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant X Corp. ("X Corp." or "Plaintiff"), by and through undersigned counsel, hereby answers Defendant and Counterclaim-Plaintiff Operation Bluebird Inc.'s ("Bluebird" or "Defendant") Counterclaims for (i) Cancellation of the Twitter Marks and (ii) Declaratory Judgment of Invalidity and Unenforceability of Purported Trademark Rights Due to Abandonment.

Plaintiff denies each and every allegation in the Counterclaims, except as hereinafter specifically admitted or explained. To the extent that the headings, or any other non-numbered statement in the Counterclaims contain any allegations, Plaintiff denies each and every such allegation.

**NATURE OF THE ACTION**

1. Plaintiff denies the allegations of Paragraph 1, except admits that on July 23, 2023, Elon Musk shared a post on the X platform with the language

quoted in Paragraph 1, and that the Twitter platform was contemporaneously rebranded to X.

2.   Plaintiff denies the allegations of Paragraph 2, except admits that Bluebird purports to seek to use and register the Twitter and Tweet brands for a social media platform that will be located at the website "twitter.new." Plaintiff avers that Bluebird has no rights to the TWITTER Marks and that Bluebird's use infringes Plaintiff's rights, as alleged in the Complaint.

## PARTIES

3.   Plaintiff admits the allegations of Paragraph 3.

4.   Plaintiff denies the allegations of Paragraph 4, except admits that it is a Nevada corporation.

## JURISDICTION AND VENUE

5.   The allegations of Paragraph 5 comprise legal conclusions to which no response is required.

6.   The allegations of Paragraph 6 comprise legal conclusions to which no response is required.

7.   The allegations of Paragraph 7 comprise legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 7, except admits that this Court has personal jurisdiction over Plaintiff by virtue of Plaintiff having filed a Complaint in this Court.

8.      The allegations of Paragraph 8 comprise legal conclusions to which no response is required.

## RELEVANT FACTUAL BACKGROUND

9.      Plaintiff admits that the X platform was previously branded as Twitter and that the X platform is one of the world's largest social media platforms and most visited websites. To the extent Paragraph 9 implies that the X platform is only accessible at www.x.com, Plaintiff denies that allegation.

10.     Plaintiff admits that the X platform enables users to exchange short text messages (of limited characters), photos, and videos in short posts. Plaintiff admits that posts on the X platform were originally referred to as "tweets" but denies the allegations of Paragraph 10 to the extent they suggest posts on the X platform are no longer referred to as "tweets." Plaintiff denies the remaining allegations of Paragraph 10 to the extent they suggest that posts on the X platform have an "official" name.

**Twitter's History**

11.     Plaintiff admits the allegations of Paragraph 11.

12.     Plaintiff admits the allegations of Paragraph 12.

13.     Plaintiff admits the allegations of Paragraph 13.

14.     Plaintiff admits the allegations of Paragraph 14.

15.     Plaintiff admits the allegations of Paragraph 15.

16. Plaintiff admits the allegations of Paragraph 16.

17. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 17 and therefore denies them, except admits that in 2016, Donald Trump shared a significant number of posts on the Twitter platform.

18. Plaintiff admits the allegations of Paragraph 18.

**Elon Musk's Acquisition of Twitter and Public Abandonment of the Twitter Brand and Marks**

19. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 19 and therefore denies them, except admits that on April 4, 2022, Elon Musk publicly disclosed the extent of his ownership stake in Twitter.

20. Plaintiff admits the allegations of Paragraph 20.

21. Plaintiff admits the allegations of Paragraph 21.

22. Plaintiff admits the allegations of Paragraph 22.

23. Plaintiff denies the allegations of Paragraph 23, except admits that on October 4, 2022, Elon Musk announced his intention to move forward with the acquisition of Twitter, Inc. and shared posts on Twitter with the language quoted in Paragraph 23.

24. Plaintiff admits the allegations of Paragraph 24.

25. Plaintiff denies the allegations of Paragraph 25, except admits that following Musk's acquisition of Twitter, Inc., certain employees of the company were terminated.

26. Plaintiff admits the allegations of Paragraph 26.

27. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 27 and therefore denies them, except admits that on July 23, 2023, Elon Musk shared a post on the X platform with the language quoted in Paragraph 27. To the extent the allegations of Paragraph 27 seek to paraphrase or characterize the contents of the image depicted in Paragraph 27, the image speaks for itself, and Plaintiff denies the allegations to the extent they are inconsistent with that image.

28. Plaintiff admits the allegations of Paragraph 28.

29. Plaintiff denies the allegations of Paragraph 29, except admits that on July 24, 2023, Plaintiff unveiled an X logo, (the "X Logo"), and that the signage for Twitter's San Francisco headquarters was replaced with the X Logo.

30. Plaintiff denies the allegations of Paragraph 30, except admits that on July 26, 2023, and July 31, 2023, the Google Play and Apple App Store, respectively, released a new version of the Twitter app to reflect the rebrand of Twitter to X.

31. Plaintiff denies the allegations of Paragraph 31.

32. Plaintiff admits that on May 17, 2024, Elon Musk shared a post on the X platform with the language quoted in Paragraph 32. To the extent the allegations of Paragraph 32 seek to paraphrase or characterize the contents of the image depicted in Paragraph 32, the image speaks for itself, and Plaintiff denies the allegations to the extent they are inconsistent with that image. Plaintiff admits that as of May 17, 2024, "twitter.com" redirected to "x.com."

33. Plaintiff denies the allegations of Paragraph 33.

**The Abandoned Twitter Marks**

34. Plaintiff admits that on March 15, 2023, Plaintiff became the owner of numerous trademark registrations then owned by Twitter, Inc. by assignment (the "Assignment"), including U.S. Reg. Nos. 4,179,739, 4,422,235, 3,619,911, 7,152,556, 4,867,983, 7,152,555, 6,992,306, 7,374,642, and 4,338,963 (the "Twitter Registrations").

35. Plaintiff admits that the Assignment included additional trademarks popularly associated with the TWITTER social media platform and belonging to Twitter, Inc., including TWEET (Reg. No. 4,338,963) and the design mark 🐦 (Reg. Nos. 4,552,274 and 5,655,960).

36. Plaintiff denies the allegations of Paragraph 36, except admits that it has allowed several registrations included in the Assignment to lapse.

37. Plaintiff admits the allegations of Paragraph 37.

38. Plaintiff admits the allegations of Paragraph 38.

39. Plaintiff admits the allegations of Paragraph 39.

**Bluebird's Pending Trademark Applications**

40. Plaintiff avers that Bluebird does not own any legitimate rights to the trademark TWITTER or the TWITTER Marks, but admits that Bluebird is the record owner of U.S. Application Serial Nos. 98100526 and 98647535 for TWITTER.

41. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41 and therefore denies them, except admits that the records of the USPTO reflect that, on July 25, 2023, U.S. Serial No. 98100526, then-owned by Michael A. Peroff (and later assigned to Defendant on December 1, 2025), was filed to register TWITTER for various goods and services in International Classes 009, 035, and 038.

42. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 42 and therefore denies them, except admits that the records of the USPTO reflect that, on September 6, 2024, U.S. Serial No. 98100526, then-owned by Michael A. Peroff (and later assigned to Defendant on December 1, 2025), was suspended, in part, pending disposition of several of Plaintiff's TWITTER-formative U.S. trademark applications.

43. Plaintiff admits the allegations of Paragraph 43.

44. Plaintiff lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 and therefore denies them, except admits that the records of the USPTO reflect that, on July 14, 2024, U.S. Serial No. 98647535, then-owned by Peroff IP PLLC (and later assigned to Defendant on June 26, 2025), was filed to register TWITTER for various goods and services in International Classes 036, 041, and 042.

45. Plaintiff admits the allegations of Paragraph 45.

46. Plaintiff admits the allegations of Paragraph 46.

47. Plaintiff admits the allegations of Paragraph 47.

48. Plaintiff admits the allegations of Paragraph 48.

<u>COUNT ONE</u>

<b>Cancellation of the Twitter Marks</b>

49. Plaintiff repeats and incorporates by reference its answers to Paragraphs 1-48, as if fully set forth herein.

50. Plaintiff denies that Bluebird is entitled to any relief, except admits that Bluebird purports to bring a counterclaim for cancellation of X Corp.'s registered trademarks.

51. Plaintiff denies the allegations of Paragraph 51.

52. Plaintiff denies the allegations of Paragraph 52.

53. Plaintiff denies the allegations of Paragraph 53.

54. Plaintiff denies the allegations of Paragraph 54, except admits that X Corp.'s valid and incontestable trademark rights are the basis for its claims against Bluebird for federal and state trademark infringement, trademark dilution, and deceptive practices.

## COUNT TWO

**Declaratory Judgment of Invalidity and Unenforceability of Purported Trademark Rights Due to Abandonment**

55. Plaintiff repeats and incorporates by reference its answers to Paragraphs 1-54, as if fully set forth herein.

56. Plaintiff denies that Bluebird is entitled to any relief, except admits that Bluebird purports to bring a counterclaim for declaratory judgment.

57. The allegations of Paragraph 57 comprise legal conclusions to which no response is required.

58. Plaintiff denies the allegations of Paragraph 58, except admits it owns rights in the TWITTER Marks and that its rights in the TWITTER Marks form the basis for its federal and state trademark infringement and dilution claims against Bluebird.

59. Plaintiff denies the allegations of Paragraph 59.

60. Plaintiff denies the allegations of Paragraph 60.

## TRIAL BY JURY

61. Plaintiff acknowledges that Defendant has demanded a trial by jury but does not concede that Defendant is entitled to a jury trial on all Counterclaims. Plaintiff reserves its right to challenge Defendant's jury trial demand at the appropriate time.

## PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief request in Paragraphs (a) through (f) of Defendant's Prayer for Relief and respectfully prays that the Court deny all of Defendant's requests for relief.

## RESERVATION OF RIGHTS

Plaintiff reserves all rights to allege affirmative defenses that are currently unknown but may become known through the course of discovery or further investigation in this action.

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Andrew C. Mayo* |
| *Of Counsel:* | _____ |
|  | Andrew C. Mayo (#5207) |
| Megan K. Bannigan | Randall J. Teti (#6334) |
| Jared I. Kagan | 500 Delaware Avenue, 8th Floor |
| Nicole M. Flores | P.O. Box 1150 |
| Daniel N. Cohen | Wilmington, DE 19899 |
| DEBEVOISE & PLIMPTON LLP | (302) 654-1888 |
| 66 Hudson Boulevard | amayo@ashbygeddes.com |
| New York, NY 10001 | rteti@ashbygeddes.com |
| (212) 909-6000 |  |
| mkbannigan@debevoise.com | *Attorneys for Plaintiff X Corp.* |
| jikagan@debevoise.com |  |
| nmflores@debevoise.com |  |
| dncohen@debevoise.com |  |

Dated: February 26, 2026