# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

X Corp.,

        Plaintiff,

v.

Operation Bluebird, Inc.,

        Defendant.

Civil Action No. 1:25-cv-01510-CFC

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

WHEREAS, Plaintiff X Corp. ("Plaintiff") and Defendant Operation Bluebird, Inc. ("Defendant") (together, the "Parties," each a "Party"), expect discovery in the above-captioned action, including any appeals therefrom (this "Litigation"), to encompass certain information that may be proprietary, confidential, commercially sensitive, trade secrets, and/or other confidential research, development, business, or commercial information.

WHEREAS, the disclosure or dissemination of such information, in an unprotected manner, may cause substantial harm to Plaintiff, Defendant, and/or nonparties, including loss of competitive advantage, loss of existing business, or loss of business opportunities.

1

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, that this Stipulated Protective Order and Confidentiality Agreement ("Order" or "Agreement") will govern the handling of documents, depositions, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among all Parties and non-parties to the Litigation (including all copies, abstracts, digests, notes, and summaries thereof, as well as any and all information contained therein or derived therefrom) in connection with the Litigation:

After careful consideration, it is hereby agreed as follows:

1. **Definitions.** The following definitions shall apply to this Agreement:

   A. "Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

   B. "Disclosure" and "disclosed" as used in this Agreement include, without limitation, allowing or failing to take reasonable steps to prevent:

2

(1)    visual inspection of designated Classified Information (or any summary, description, abstract or index thereof) by an individual not authorized under this Agreement or (2) any communication disclosing the substance of designated Classified Information or the specific terms detailed therein (or any summary, description, abstract, or index thereof) to an individual not authorized under this Agreement.  The Parties agree, however, that nothing herein shall prevent the Parties' counsel from giving legal advice to their respective clients based on Classified Information covered by this Agreement.

C. "Documents" means all written, recorded, transcribed, electronic, digitized, computerized, or graphic material, produced by any Party (whether by agreement or otherwise), including any copies, abstracts, digests, and summaries thereof.

D. "Qualified Persons" means:

   a. For Attorneys' Eyes Only information:

      i.   retained outside counsel for the parties in this Litigation and their respective staff, including copy vendors for courtesy copies sent to the Court;

      ii.  actual or potential independent experts or consultants to include translators (and their administrative or clerical staff) engaged in connection with this Litigation (which shall not include the current employees, officers,

3

members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed an undertaking in the form attached as Exhibit A hereto (such signed document to be maintained by the attorney retaining such person);

iii. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Litigation;

iv. a person who created, sent, or received documents designated as Attorneys' Eyes Only;

v. litigation support service companies specifically engaged by counsel of record for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents, who, prior to any disclosure of Classified Information to such person, have signed an undertaking in the form attached as Exhibit A hereto (such signed document to be maintained by the attorney retaining such person);

vi. court reporters engaged for depositions; and

vii. other persons only upon written consent of the Producing Party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard;

b. For Confidential information:

i. the persons identified in subparagraph 1(D)(a);

ii. a Party, if a natural person;

iii. if a Party is an entity, such officers or employees of the Party who are actively involved in the prosecution or defense of this case;

iv. litigation vendors, court reporters, and other litigation support personnel;

4

v.     any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.  Such other person as this Court may designate after notice and an opportunity to be heard.

E.    "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, that produces any material in connection with this Litigation.

F.    "Receiving Party" shall mean any Party to this Litigation that receives material from a Producing Party in connection with this Litigation.

## 2. Designation Criteria

a.  *Nonclassified Information.* Classified Information shall not include information that either:

i.    is in the public domain at the time of disclosure, as evidenced by a written document;

ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

iii.    the Receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to

5

disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

b.    *Confidential Information*. Only Documents and information that the Producing Party believes in good faith embodies, contains, reflects, or refers to non-public or confidential personal, business, strategic, proprietary, or commercially sensitive information not appropriate for public disclosure under Rule 26(c) of the Federal Rules of Civil Procedure may be designated as Confidential.

Correspondence and other communications between the Parties or with nonparties may be designated as Confidential if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public. Nothing in this Agreement shall be construed to limit how a Producing Party may maintain or disclose its own Confidential Information.

c.    *For Attorneys' Eyes Only*. The designation "Attorneys' Eyes Only" shall be reserved for Documents and information that contains trade secrets or highly sensitive business information that has not been made publicly available and that counsel of record believes in good faith that producing would create a risk of harm to personal, commercial, financial, strategic, or business interests of the Producing Party or its employees, customers, or clients or would put the Producing Party at a material competitive disadvantage if such information were disclosed to officers and employees of the Party to which such information is produced.  For purposes of this

order, so-designated information includes, but is not limited to, design information, customer identification data, non-public financial information, pricing information, and certain study methodologies. Nothing in this Agreement shall be construed to limit how a Producing Party may maintain or disclose its own Attorneys' Eyes Only information.

### 3.   Use of Classified Information

a.   All Classified Information provided by any Party or nonparty in the course of this Litigation shall be used solely for the purpose of preparation, trial, and appeal of this Litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

b.   *Prohibition on Use of Open-Source AI for Information Handling.* No Qualified Persons in possession of Confidential Information is permitted to input, share, or process any Confidential Information into any open-source artificial intelligence (AI) platform, tool, or service that may train or allow others to train the model based on such information. This includes but is not limited to AI models, chatbots, and other machine learning systems that are publicly accessible or whose source code is freely available. Nothing in this provision precludes a Producing Party from using its own Confidential Information with any AI platform, tool, or service. Additionally, nothing in this Agreement is intended to preclude the use of technology assisted review (TAR) or machine-run translations provided that such

technologies are executed with a vendor or other third-party that agrees to be bound by the confidentiality provisions herein, and is outlined in Exhibit A.

### 4.    Marking of Documents

Documents provided in this Litigation may be designated by the Producing Party or by any Party as Classified Information by marking each page of the Documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys' Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating Party may mark the copies that are provided. Originals shall be preserved for inspection.

### 5.    Disclosure at Depositions

Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this Litigation, or (b) the deposition of a nonparty may be designated by any Party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any Party also may designate information disclosed at a deposition as Classified Information by notifying all Parties in writing not later than fifteen (15)) days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each Party shall attach a copy

8

of each such written notice to the face of the transcript and each copy thereof in that Party's possession, custody, or control. All deposition transcripts shall be treated as Attorney's Eyes Only for a period of fifteen (15) days after initial receipt of the transcript. The Parties agree to meet and confer should limited disclosure of deposition testimony be necessary prior to the expiration of fifteen (15) day window, in order to facilitate a court filing or the like.

**6.      Disclosure to Qualified Persons**

a.      *To Whom.* Classified Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the Receiving Party will so notify the Producing Party as promptly as practicable (if at all possible, prior to making such disclosure) so that the Producing Party may seek a protective order or confidential treatment of such information. For purposes of this Litigation, information designated as Classified Information shall be restricted in circulation to Qualified Persons described in subparagraph 1(D).

b.      *Retention of Copies During this Litigation.* Copies of Attorneys' Eyes Only information shall be maintained only in the offices of outside counsel for the Receiving Party and, to the extent supplied to experts described in subparagraph 1(D), in the offices of those experts. Any Documents containing Classified

Information that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person, including home office, and only necessary working copies of any such documents shall be made. Copies of Documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this Litigation.

**7.    Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the Receiving Party.

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected, privileged, or otherwise immune from discovery, the Producing Party shall, within fifteen (15) business days upon discovery of the disclosure, so advise the Receiving Party in writing, and request the information be returned or destroyed.  To the extent the privileged or protected information is responsive to the opposing Party's requests for production, the written notice must include a privilege log identifying the privileged or protected information and the attorney(s) involved in the communication.  If that request is made, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity.

If a Receiving Party learns of any unauthorized disclosure of Classified Information, the Party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## 8. Clawback of Classified or Privileged Information

Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced Documents or information on the grounds of privilege or work product protection. When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, to the extent practicable, and not later than ten (10) calendar days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies, summaries, compilations, or portions thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the information not returned to the Producing Party.

The Receiving Party may make no use of the privileged or protected information during any aspect of this Litigation or any other matter, including in

depositions or at trial, unless the Documents are later designated by a court of competent jurisdiction as not privileged or protected. The contents of the privileged or protected information shall not be disclosed to anyone who was not already aware of the contents before the notice was made. If the Receiving Party has any notes or other work product reflecting the contents of the privileged or protected information, the Receiving Party will not review or use those materials unless a court of competent jurisdiction later designates the privileged or protected information as not privileged or protected. No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived. The cost, if any, for excising such Documents or materials by the Receiving Party shall be borne by the Producing Party. Notwithstanding this provision, no Party or its outside counsel shall be required to return or destroy any information that may exist on any disaster recovery backup system. Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production. If the Receiving Party wishes to challenge the claim of

privilege or work product protection for a previously produced document, the Receiving Party shall notify the producing party or non-party within five (5) days of the Producing Party requesting the return of the produced material. For the avoidance of doubt, regardless of the Receiving Party's challenge, the receiving party must still complete the Clawback Process. The Parties agree to first meet and confer regarding the claim of privilege within five (5) days of the date of the notification. If five (5) days after the Parties' initial meet and confer the Parties are still not in agreement, they may bring the issue to the Court. A Party challenging a clawback request under this subsection may use the privilege log entry, but not the content of the clawed-back document, for the purpose of filing a motion under seal with the Court that challenges whether or not the document is privileged or work product.

9.    **Destruction or Return of Classified Information**

Within one hundred and twenty (120) days after this action is finally terminated and all available appellate remedies have been exhausted, all Classified Information produced in the case, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall be destroyed or returned to counsel for the Party who initially produced such materials. This paragraph shall not apply to Classified Information that was attached to any submissions filed with the Court or that had been previously permanently discarded or then so discarded,

13

provided that counsel for the Receiving Party certifies in writing to the Producing Party within the applicable time period that such materials have been permanently discarded. Notwithstanding the foregoing, this provision does not require the deletion of information that may reside on electronic back-up, disaster recovery, or business continuity systems in the normal course of business, nor does it require the deletion of attorney work product that refers or is related to any Classified Information designated as Confidential and Attorneys' Eyes Only for archival purposes only. Counsel are permitted to retain an archival copy of all pleadings, motion papers, written discovery, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product, even if such materials contain information designated Confidential or Attorneys' Eyes Only. Any such archival copies that contain or constitute information designated Confidential or Attorneys' Eyes Only shall remain subject to this Order.

## 10.    Consent to Disclosure and Use in Examination

Nothing in this Order shall prevent disclosure beyond the terms of this Order if each Party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any

14

person who is indicated on the Document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11.    Challenging the Designation**

a.    *Classified Information.* A Party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any Party to this Litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the Parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies, before seeking court intervention. The disputed information shall remain Classified Information unless and until the Court orders otherwise.

b.    *Qualified Persons.* In the event that any Party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the Parties shall first try to resolve the dispute in good faith on an informal basis, before seeking court intervention. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting Party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

15

## 12.    Manner of Use in Proceedings

In the event a Party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Litigation, the Party shall file such information under seal with the Court consistent with the sealing requirements and procedures of the Court.

This Agreement does not otherwise prohibit either of the Parties to utilize otherwise Classified Information at trial.    If either Party believes that specific Classified Information needs to remain classified at trial due to sensitive information contained therein, the Parties must confer in good faith, and may later seek appropriate relief from the Court. Where a party intends to redact Classified Information and is not the Producing Party, the Receiving Party must confer with the Producing Party to ensure that redactions are sufficient.

## 13.    Ongoing Obligations

Insofar as the provisions of this Agreement, or any other protective orders entered in this Litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were kept under seal by the Court, and (b) a Party may seek the written permission of the Producing Party or order of the

16

Court with respect to dissolution or modification of this, or any other, confidentiality agreement or protective order.

### 14.   Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Litigation from conveying to such client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another Party if such disclosure would be contrary to the terms of this Agreement.

### 15.   Subpoenas or Other Compulsory Processes Seeking Production of Classified Information Subject to this Order

If any person in possession of Confidential or Attorneys' Eyes Only Classified Information (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Classified Information produced or designated as Confidential or Attorneys' Eyes Only by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice by email to counsel for the Producing Party (or Producing Parties) within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five (5) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), enclosing a copy of the Demand.  The Receiver must

also notify the party issuing the Demand that the materials sought are subject to this Order.

## 16.    Duty to Give Notice of Breach

If a Party becomes aware of any breach of the terms of this Agreement by any person it has designated as a Qualified Person, the party shall give prompt notice to the other Party of the breach.

## 17.    Privilege Logs

If the Producing Party claims the attorney-client privilege, or any other privilege or work-product protection for all or any portion of any Document, the Producing Party shall produce so much of the Document that is not subject to privilege or work-product protection. The Parties will provide a log of all Documents withheld on the basis of attorney-client privilege, work product protection, or other applicable immunity and/or privilege as required by the Parties' ESI Protocol. The privilege log shall be served within 60 days of the completion of Document production. Documents dated after the filing of the lawsuit containing privileged and/or work product material relating to the lawsuit do not need to be logged.

## 18.    Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this Litigation.

18

## 19.    Other Proceedings

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed, and as is otherwise consistent with Section 15 of this Order.

## 20.    Modification and Exceptions

The Parties may, by written amendment, provide for exceptions to this Agreement.

ASHBY & GEDDES

/s/ *Andrew C. Mayo*

Andrew C. Mayo (#5207)
Randall Teti (#6334)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
rteti@ashbygeddes.com

*Attorneys for Plaintiff X Corp.*

Dated: March 12, 2026

FARNAN LLP

/s/ *Michael J. Farnan*

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant Operation Bluebird, Inc.*

19

SIGNED AND ENTERED this ___13th___ day of March 2026.

_____
The Honorable Chief Judge Colm F. Connolly

20

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

X Corp.,

        Plaintiff,

v.

Operation Bluebird, Inc.,

        Defendant.

Civil Action No. 1:25-cv-01510-CFC

## EXHIBIT A
## UNDERTAKING REGARDING CONFIDENTIALITY

Upon consideration of being granted access to the CONFIDENTIAL or

ATTORNEYS' EYES ONLY material produced in the Litigation,

_____ hereby agrees, certifies and undertakes as follows:

1.    I have read the foregoing Stipulated Protective Order and

Confidentiality Agreement (the "Agreement") in the above-captioned action.

2.    I understand the terms of the Agreement, and I agree to be bound by

its terms and conditions with respect to any Documents, materials, or information

designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that are

furnished to me as set forth in the Agreement.

1

3.      I further agree: (a) not to disclose to anyone any Documents, materials, or information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" other than as set forth in the Agreement; (b) not to make any copies of any Documents, materials, or information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" except in accordance with the Agreement; (c) not to use any Documents, materials, or information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" except in accordance with the Agreement; and (d) to destroy or return to the Party who provided me with such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" materials all copies (including excerpts and summaries) thereof, within thirty (30) days of a request to destroy or return such materials or the termination of this action, whichever comes first.

4.      I hereby consent to the jurisdiction of the United States District Court for the District of Delaware with regard to any action or proceeding to enforce the terms and conditions of the Agreement and this undertaking.

_____

Signature

_____

Print Name

_____

Date

2