**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| X CORP., | C.A. No. 25-1510-CFC |
| Plaintiff and Counterclaim-Defendant, | |
| v. | |
| OPERATION BLUEBIRD, INC., | |
| Defendant and Counterclaim-Plaintiff. | |

## DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING BOND AMOUNT

Defendant/Counterclaim-Plaintiff Operation Bluebird, Inc. ("Bluebird") respectfully submits this supplemental brief regarding bond for the preliminary injunction requested by Plaintiff/Counterclaim-Defendant X Corp. ("X"), pursuant to the Court's May 15, 2026, Order (D.I. 71).

## ARGUMENT

The Federal Rules' bond "requirements are firm: '[t]he court may issue a preliminary injunction … *only* if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'" *Tilden Recreational Vehicles, Inc. v. Belair*, 786 Fed. Appx. 335, 343 (3d Cir. 2019) (quoting Fed. R. Civ. P. 65(c))

(emphasis in original). The Court "must set a bond even where the parties have neglected to raise the issue." *Id*. (citation omitted).[1]

The "injunction bond provides a fund to use to compensate incorrectly enjoined defendants." *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003) (quotation marks and citation omitted). Rule 65(c) "puts the determination of the bond amount in the district court's discretion and does not oblige the court to justify that determination with any supporting evidence." *GlaxoSmithKline LLC v. Boehringer Ingelheim Pharma., Inc.*, 484 F. Supp. 3d 207, 229 n.120 (E.D. Pa. Sept. 3, 2020) (quoting Note, *Recovery for Wrongful Interlocutory Injunctions Under Rule 65(c)*, 99 Harv. L. Rev. 828, 830 (1986)). When "'setting the amount of security, district courts should err on the high side' because the movant still has to prove its loss to receive the bond while '[a]n error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond.'" *Id*. at 229 (citations omitted).

---

[1] "There is an 'extremely narrow exception' allowing for waiver of the bond requirement only 'when complying with the preliminary injunction raises no risk of monetary loss to the defendant,' and the District Court 'make[s] specific findings' in support of that conclusion." *Id*. (citations omitted). That exception is inapplicable here because Bluebird is at risk of losing substantial revenue if it is forced to launch its platform under an unknown mark. Moreover, the Third Circuit has "never excused a District Court from requiring a bond where an injunction prevents commercial, money-making activities." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010).

Bluebird fervently maintains that X's motion for preliminary injunction should be denied in its entirety for the reasons set out in the parties' briefing on the merits. But if the Court grants X's motion in whole or in part and enjoins Bluebird from launching its platform using the Twitter mark, then Bluebird respectfully submits that a bond of no less than $50 million is reasonable and necessary to compensate Bluebird if it later turns out to have been incorrectly enjoined.

A bond of at least $50 million is reasonable and necessary in this case for the reasons explained by Bluebird's general counsel. Declaration of Stephen Jadie Coates Regarding Proper Security for Preliminary Injunction dated May 21, 2026. In a nutshell, an injunction here would not merely delay Bluebird's use of an abandoned trademark. It would fundamentally impair Bluebird's launch strategy, suppress early-stage network growth, and deprive Bluebird of the unique commercial advantages associated with launching under the abandoned Twitter mark rather than an unknown, substitute brand. *Id.* ¶ 2. Both (1) projected user growth based on industry standards and existing user account requests and (2) projected average revenue per user show that a minimum $50 million bond is reasonable, conservative, and necessary to protect against substantial damages that Bluebird is likely to sustain if it is wrongfully enjoined. *Id.* ¶¶ 3-11.

Dated: May 22, 2026                                    Respectfully submitted,

3

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Andrew Gerber (admitted *pro hac vice*)
Gerber Law
27 Union Square West, Suite 301
New York, NY 10003
(212) 658-1810
andrew@gerberlaw.com

Christopher J. Sprigman (admitted *pro hac vice*)
Mark P. Mckenna (admitted *pro hac vice*)
Rhett O. Millsaps II (admitted *pro hac vice*)
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 898-2055
chris@lex-lumina.com
mark@lex-lumina.com
rhett@lex-lumina.com

*Attorneys for Defendant Operation Bluebird, Inc.*

4