

June 29, 2026

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

> **Re:**     ***X Corp. v. Operation Bluebird, Inc.***
> **C.A. No. 25-cv-1510-CFC**

Dear Chief Judge Connolly,

Pursuant to the Court's June 26, 2026, Order (D.I. 82), Defendant/Counterclaim-Plaintiff Operation Bluebird, Inc. ("Bluebird") respectfully submits this letter in support of its motion (i) to limit initial discovery to the abandonment issue; (ii) to set a discovery and briefing schedule for early summary judgment on abandonment; and (iii) to stay all other discovery pending final adjudication on abandonment, if the Court intends to deny Plaintiff/Counter-Claim Defendant X Corp.'s ("X") pending motion for preliminary injunction ("PI Motion"). D.I. 9.

"It is well settled that the power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Dental Monitoring v. Get-Grin Inc.*, C..A No. 22-647-WCB, 2024 WL 1603403, at *2 (D. Del. Apr. 9, 2024) (Bryson, Cir. J., sitting by designation) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and collecting cases) (granting stay pending outcome of PTO proceedings on patent claims validity); *see also Uniloc USA, Inc. v. Motorola Mobility, LLC*, Civil Action No. 17-1658-CFC, 2019 U.S. Dist. LEXIS 21899, at *4 (D. Del. Feb. 11, 2019) (Connolly, J.) (granting stay pending resolution of pending motion to substitute new patent owner and to dismiss for lack of subject matter jurisdiction); *Intel Corp. v. Future Link Sys., LLC*, C.A. No. 14–377–LPS, 2015 WL 4652782, at *2 (D. Del. Aug. 5, 2015) (permitting early summary judgment motion where "[c]ertain of the issues likely to be presented on summary judgment" were "questions of law").

At the April 8, 2026, hearing on X's PI Motion, the Court observed that this case turns "largely" on "a legal issue"—*i.e.*, whether X's proffered evidence constitutes bona fide trademark use of the Twitter marks at issue, despite X's public statements and actions expressly abandoning those marks—and so there might not be "that much discovery" necessary. D.I. 58 at 210:2-4. This is especially true if the Court denies the preliminary injunction, as Bluebird respectfully submits it should based on the record. *See* D.I. 29, 69, 72. Presumably X submitted its best evidence for its alleged use of the Twitter marks with its PI Motion. But if it has additional, different evidence of use to present, X should be able to do so in short order, allowing for final adjudication of the abandonment defense on early summary judgment.

X has no right to be in Court with Bluebird at all if X has abandoned the Twitter marks. And Bluebird's proposed course of action would avoid potentially wasteful and substantial

burden on the Court and the parties. *See Uniloc USA*, 2019 U.S. Dist. LEXIS at *2. X has propounded 51 sweeping, dragnet requests for production concerning all aspects of Bluebird's business and relationships. Declaration of Rhett O. Millsaps II dated June 29, 2026 ("Millsaps Decl."), ¶ 2, Ex. 1. X also has propounded on Bluebird numerous overreaching interrogatories. *Id*. ¶ 3, Ex. 2. On June 2, X sent a letter taking issue with Bluebird's objections to the scope of many of X's requests, teeing up a motion to compel.. Given X's requests and posture so far, Bluebird expects that there will be substantial motion practice from both sides—over the scope of requests as well as subpoenas to third parties and the appropriate persons to sit for depositions—if the parties move into full-blown discovery. The process also will allow X, with its virtually unlimited resources, to impose significant and potentially crippling costs on Bluebird, a startup, by allowing X to harass Bluebird's potential investors and business partners and, in the event X's discovery requests are upheld, force Bluebird to review and prepare an extremely large production in the next five weeks in response to X's sweeping requests.

A stay and early summary-judgment motion would simplify the issues to be litigated, would likely lead to swift resolution of the case, and would cause no undue prejudice to X if the Court denies the PI Motion, as that would mean X likely abandoned the Twitter marks, and full discovery would be delayed relatively briefly—while Bluebird's documents have been preserved—if the case is not resolved on early summary judgment on abandonment. No documents have yet been produced by either party aside from those with the PI Motion, depositions have not begun, and X already has all the necessary discovery on abandonment in its possession.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)

## <u>CERTIFICATION OF COMPLIANCE</u>

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Standing Order regarding Briefing in All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 735 words, excluding the case caption and signature block.

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

Dated: June 29, 2026