# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| X CORP., | | |
| | Plaintiff, | C.A. No. 25-1510-CFC |
| v. | | |
| OPERATION BLUEBIRD, INC., | | |
| | Defendant. | |

**PLAINTIFF X CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT OPERATION BLUEBIRD, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure , Plaintiff X Corp.,

("Plaintiff") hereby requests that Defendant Operation Bluebird, Inc. ("Defendant" or

"Bluebird") provide responses and produce Documents to the following Requests for Production

("Requests" or each individually, a "Request") to the offices of Debevoise & Plimpton LLP, 66

Hudson Blvd., New York, New York, 10001 within thirty (30) days from the date of service.  In

responding to these Requests, the definitions and instructions set forth below are to be utilized.

These Requests are continuing in nature and impose upon Defendant the obligations stated in

Fed. R. Civ. P. 26(e).

**DEFINITIONS AND INSTRUCTIONS**

1. "Action" or "Matter" shall mean the above-captioned lawsuit filed by X Corp. in

the United States District Court for the District of Delaware.

2. "Answer" shall mean the answer filed in the Action on February 5, 2026 (D.I. 33).

3. "Bluebird Applications" shall refer to the intent-to-use trademark applications

filed on December 2, 2025 by Defendant for the stand-alone word marks "TWITTER" and

"TWEET": U.S. Ser. Nos. 99524594, 99524598.

4.    "Cancellation Petition" shall refer to the petition filed by Defendant: Trademark Trial and Appeal Board Cancellation Proceeding No. 92090266.

5.    "Communication" means the transmission of information (in the form of facts, ideas, inquiries or otherwise), regardless of method or medium.

6.    "Complaint" shall mean the complaint filed in this Action on December 16, 2025 (D.I. 1).

7.    "Concerning" shall mean relating to, referring to, describing, indicating, evidencing, or constituting.

8.    "Customer" or "Consumer" shall mean any user or purchaser of a good or service.

9.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

10.    "Defendant," "Bluebird," "You," and "Your," shall mean Defendant Operation Bluebird, Inc., and shall include its parents, subsidiaries, officers, directors, agents, employees, and all other Persons acting on its behalf or under its control.

11.    "Defendant's Website" shall mean the website available at the www.twitter.new domain and URL, any accompanying sub-domains and page paths, and any other domains under Defendant's custody or control which directs users to www.twitter.new.

2

12.     "Identify" with regard to a person(s), partnership, corporation, or business entity, shall mean to give the full name and applicable contact information, and also if a person, his or her present or last known employer and the position and/or job title of the person.

13.     "Infringing Logo" shall refer to the following image:



14.     "Infringing Platform" shall refer to the social media platform and related services that Defendant intends to offer on Defendant's Website, on any app store, or otherwise.

15.     "Interrogatory" shall refer to the Interrogatories served by Plaintiff on Defendant in this Action, and any amendments or supplements thereto.

16.     "Offer" or "Offer for Sale" means use in connection with the public dissemination of any information concerning, and/or in connection with the promotion, advertising, distribution, marketing, and/or sale of products, services, and/or brands.

17.     "Peroff Applications" shall refer to the trademark applications filed by Michael Peroff and PEROFF IP: U.S Ser. Nos. 98647535 and 98100526.

18.     "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

19.     "PI Motion" shall refer to Plaintiff's motion for a preliminary injunction filed in this Action on December 26, 2025 (D.I. 9).

20.     "PI Opening Brief" shall refer to the brief submitted by Plaintiff in support of its PI Motion in this Action on December 26, 2025 (D.I. 10).

21.     "PI Opposition Brief" shall refer to the brief submitted by Defendant in opposition to Plaintiff's PI Motion on February 2, 2026 (D.I. 29).

22.     "PI Reply Brief" shall refer to the reply brief submitted by Plaintiff in further support of its PI Motion on February 20, 2026 (D.I. 35).

23.     "Third Party" shall mean any Person other than Plaintiff or Defendant.

24.     "Twitter Bird Copyrights" shall refer to U.S. Copyright Office Registration Nos. VA0001939828; VA0001950612; VA0001939830; VA0001950611.

25.     "Twitter Bird Logo" shall refer to the following image (with or without color) and the corresponding trademark and copyright registrations: U.S. Reg. Nos. 5001027; 4552274; 4187348; U.S. Copyright VA0001950611.



26.     "Twitter Marks" shall refer to the marks identifying the social media platform accessible under Twitter.com and X.com, including the incontestable registrations for TWITTER, TWEET, and the "Twitter Bird Logo." *See, e.g.*, U.S. Reg. Nos. 4422235; 3619911; 4179739; 4362656; 4338963; 7374642; 5001027; 4552274; 4187348.

27.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

28.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

29.     The use of the singular form of any word includes the plural and vice versa.

30.     The present tense includes the past and future tenses and vice versa.

31.     The use of the masculine pronoun shall include the feminine and vice versa and shall be construed as necessary to bring within the scope of a Request all responsive Documents that might otherwise be outside of its scope.

32.     All electronically stored information (ESI) shall be produced in the form in which it ordinarily is maintained and in accordance with the parties' ESI protocol in the Action.

33.     If any portion of a document is considered responsive to any Request, the Request shall be construed as requesting production of the entire document.

34.     If any Documents or parts of Documents called for by this demand are withheld under a claim of privilege or work product, a list shall be furnished in accordance with the agreed upon ESI protocol.

35.     Each Request herein shall be deemed continuing in nature so as to require supplemental responses if further Documents called for herein are obtained or discovered between the time of the initial response pursuant to this request and the time of trial in this Action.

## Requests for Production

1.     Documents and Communications Concerning Defendant's acquisition of the Peroff Applications as referenced in paragraphs 35-37 of the Cancellation Petition.

2.     Documents and Communications Concerning the formation of Operation Bluebird, Inc., including but not limited to Documents reflecting the date and circumstances of its formation, incorporation, or organization.

3.     An organizational chart showing Defendant's employees and their roles, or other Documents detailing the identities of Defendant's employees, founders, members, shareholders, partners, officers, and directors.

5

4.      Documents and Communications related to Stephen Jadie Coates's role in developing the Infringing Platform, including Documents and Communications related to the hiring or recruitment of Stephen Jadie Coates.

5.      Documents and Communications discussing X Corp. and/or Twitter, Inc.

6.      Documents and Communications Concerning Defendant's selection, adoption, and clearance for use of the Twitter Marks, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof (including, without limitation, searches, investigations, and reports).

7.      Documents and Communications Concerning any other proposed or alternative marks considered by Defendant in preparing for its launch of its Infringing Platform.

8.      Documents and Communications Concerning Defendant's decision, reason, intent, consideration and/or purpose in selecting and using the Twitter Marks, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

9.      Documents and Communications Concerning Defendant's decision, reason, intent and/or purpose in adopting specific brand elements on Defendant's Website, including but not limited to its decision to utilize a blue color scheme, utilization of hashtags, and emphasis on the public town square.

10.     Documents and Communications Concerning any reasons not to use the Twitter Marks, Infringing Logo and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof Defendant may have discussed or considered.

11.     Documents and Communications Concerning Defendant's selection, adoption, and/or use of the Infringing Logo (including, without limitation, searches, investigations, and reports).

6

12.     Documents and Communications Concerning other proposed or alternative names or marks considered by Defendant for use in conjunction with its Infringing Platform at any time, including after the commencement of this Action.

13.     Documents and Communications sufficient to show the ways in which Defendant has used, uses, or plans to use the Twitter Marks, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof, including but not limited to in advertising materials, pitch decks, media relations, press relations, and on social media.

14.     Documents and Communications sufficient to show the ways in which Defendant has used, uses, or plans to use the Infringing Logo, including but not limited to in advertising materials, pitch decks, media relations, press relations, and on social media.

15.     Documents and Communications with Customers, investors, media, marketing agencies, advertising agencies and other Third Parties Concerning Defendant's plans and launch of its Infringing Platform.

16.     Documents and Communications Concerning Defendant's promotion, announcement, launch, or Offer of the Infringing Platform.

17.     Documents and Communications concerning the development, design, and creation of Defendant's Website.

18.     Documents and Communications Concerning the selection and registration of Defendant's Website and the "twitter.new" domain.

19.     Documents and Communications concerning Defendant's inclusion of the following statement on Defendant's Website: "All requested handles must comply with Twitter's Terms of Service, Privacy Policy, Community Guidelines and any applicable laws.  Twitter reserves the right to deny or reassign handles at any time," including but not limited to

discussions assessing whether such statement was necessary, what such statement should include, where such statement should be displayed, and how such statement should be displayed.

20.     Documents and Communications concerning the development and implementation of the FAQ page on Defendant's Website, including but not limited to what information should be included therein and how such information should be displayed.

21.     Documents and Communications sufficient to show the products, services, software, and/or functionalities that have been, are being, or are planned to be Offered by Defendant which encompass or otherwise incorporate the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

22.     Documents and Communications sufficient to show how the Infringing Platform has been, is being, or will be Offered.

23.     Documents and Communications relating to Defendant's development schedules and launch timelines, including but not limited to internal planning Documents, strategy memoranda, presentations, or reports discussing expected launch timing or rollout phases.

24.     Documents and Communications with investors, partners, vendors, or regulators concerning anticipated launch dates or development timelines; and any revisions, updates, or changes to such schedules or timelines regarding the Infringing Platform.

25.     Documents and Communications concerning any formal or informal guidance, that governs, directs, or relates to the use of the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

26.     Documents and Communications sufficient to show Defendant's promotion, advertisement, or marketing for its Infringing Platform and/or otherwise incorporating the Twitter Marks, Infringing Logo, and derivatives thereof.

8

27.    Documents sufficient to show all tradeshows, conferences, media appearances, podcasts, panels, or other industry events in which Defendant has participated, attended, promoted, or plans to participate, attend, or promote, their Infringing Platform.

28.    Documents and Communications sufficient to show all advertising expenditures, sales, number of consumers served, and industry recognition, for the products and services Offered by Defendant under the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

29.    Documents and Communications sufficient to Identify the competitors of Defendant's Infringing Platform.

30.    Documents and Communications sufficient to show the channels of trade that Defendant uses, has used, or intend to use to sell or Offer their Infringing Platform.

31.    Documents and Communications sufficient to show Defendant's target and actual Consumers for each of Defendant's products and services which use the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

32.    Documents and Communications sufficient to show the extent, frequency, and reach of any Third-Party media coverage of the Infringing Platform.

33.    Documents and Communications that describe the goods and services Defendant Offers or plans to Offer under the marks applied for in the Bluebird Applications and Peroff Applications.

34.    Documents and Communications sufficient to Identify any Third Parties collaborating with and/or testing Defendant's development of its Infringing Platform.

9

35.     Documents and Communications concerning any non-privileged surveys, brand awareness studies, or other consumer research done or considered in connection with the Infringing Platform and/or Infringing Logo.

36.     Documents and Communications that describe, concern, suggest, question, mention, inquire, or indicate any similarity, sponsorship, affiliation, association, relationship, confusion or potential confusion between Defendant's goods and services, and/or its Infringing Platform on the one hand, and Plaintiff or Elon Musk on the other hand.

37.     All Documents and Communications from any Third Party received by Defendant that Defendant understands or can otherwise deduce were intended for Plaintiff.

38.     Documents and Communications that refer or relate to any inquiry, question, or statement regarding whether Defendant has the right, authorization, or permission to use the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

39.     Documents sufficient to show the number of users who have requested handles through Defendant's Website, including records reflecting the dates or time periods of such requests.

40.     Documents sufficient to show Defendant's sales, profits, and revenues from goods and/or services which use the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

41.     Documents sufficient to show Defendant's projected sales, profits and revenues from goods and/or services Offered or planned to be Offered which use the Twitter Marks, the Infringing Logo, and all variants, extensions, abbreviations, misspellings, combinations, and derivatives thereof.

42.    Documents supporting or refuting Defendant's claim that Plaintiff's Twitter Marks are abandoned or invalid, as alleged in paragraph two of Defendant's PI Opposition Brief (D.I. 29).

43.    Documents Concerning Defendant's allegations in its Answer and Cancellation Petition that support or refute Defendant's unclean hands defense.

44.    Documents Concerning Defendant's allegations in its Answer and Cancellation Petition Plaintiff has engaged in fraud, including documents that support or refute those allegations.

45.    Documents and Communications relied upon by Defendant in preparing its Initial Disclosures in this Action pursuant to Fed. R. Civ. P. 26(a)(1) or identified in the Initial Disclosures.

46.    Documents and Communications relied upon or referred to by Defendant in preparing its PI Opposition Brief (D.I. 29).

47.    Documents and Communications relied upon or referred to by Defendant in preparing the declaration of Stephen Jadie Coates (D.I. 30) submitted in connection with Defendant's PI Opposition Brief.

48.    Documents and Communications relied upon or referred to by Defendant in preparing the declaration of Rhett O. Millsaps II (D.I. 31) submitted in connection with Defendant's PI Opposition Brief.

49.    Documents and Communications relied upon or referred to by Defendant in preparing its Answer and Counterclaims to Plaintiff's Complaint.

50.    Documents and Communications relied upon or referred to by Defendant in preparing its Cancellation Petition.

11

51.     Documents and Communications relied upon or referred to by Defendant in

preparing any Interrogatory response in this Action.


|  | ASHBY & GEDDES |
|---|---|
| Megan K. Bannigan* | */s/ Randall J. Teti* |
| Jared I. Kagan* | Andrew C. Mayo (#5207) |
| Nicole M. Flores* | Randall Teti (#6334) |
| Daniel N. Cohen* | 500 Delaware Avenue, 8th Floor |
| DEBEVOISE & PLIMPTON LLP | P.O. Box 1150 |
| 66 Hudson Boulevard | Wilmington, DE 19899 |
| New York, NY 10001 | (302) 654-1888 |
| (212) 909-6000 | amayo@ashbygeddes.com |
| mkbannigan@debevoise.com | rteti@ashbygeddes.com |
| jikagan@debevoise.com |  |
| nmflores@debevoise.com |  |
| dncohen@debevoise.com |  |

*Admitted pro hac vice*

Dated: March 30, 2026

*Attorneys for Plaintiff X Corp.*