# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

X CORP.,

                Plaintiff,

       v.

OPERATION BLUEBIRD, INC.,

                Defendant.

C.A. No. 25-1510-CFC

### PLAINTIFF X CORP.'S FIRST SET OF INTERROGATORIES TO DEFENDANT OPERATION BLUEBIRD, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure , and the Local Rules of the United States District Court for the District of Delaware, Plaintiff X Corp. ("Plaintiff") hereby requests that Defendant Operation Bluebird, Inc. ("Defendant") answer the following interrogatories ("Interrogatories," or each individually, an "Interrogatory") separately, fully, and under oath within thirty (30) days from the date of service.  In responding to these Interrogatories, the definitions and instructions set forth below are to be utilized.  These Interrogatories are continuing in nature and impose upon Defendant the obligations stated Fed. R. Civ. P.  26(e).

### DEFINITIONS AND INSTRUCTIONS

1.      The Definitions included in the Plaintiff's First Set of Requests for Production of Documents to Defendant are incorporated by reference herein.

2.      "Describe in detail" shall mean to provide a complete, specific, and non-conclusory statement of all facts, including the identity of persons involved, and to the extent known, the dates, times, and locations of the events described, the nature of the acts, statements, or omissions at issue and the manner in which they occurred.

3.     Defendant must answer each of the Interrogatories separately and fully.

4.     The use of the singular form of any word includes the plural and vice versa.

5.     The present tense includes the past and future tenses and vice versa.

6.     The use of the masculine pronoun shall include the feminine and vice versa and shall be construed as necessary to bring within the scope of an Interrogatory all responses that might otherwise be outside of its scope.

7.     Any and all examples or descriptions of relevant knowledge and information herein are illustrative only and do not limit the request to that particular knowledge or information, as if it were explicitly noticed that such request was "not limited to" the stated examples.  Questions regarding the interpretation of these Interrogatories should be resolved in favor of the broadest possible construction.

8.     Responses to these Interrogatories shall include all non-privileged information in Defendant's possession, custody, or control, including all non-privileged knowledge or information in the possession, custody, or control of Defendant's attorneys, as well as anyone investigating any matter relating to this lawsuit on Defendant or Defendant's attorneys' behalf.

9.     If Defendant asserts that any item of information requested by an Interrogatory reflects or would reveal the substance of a privileged communication, a log of such communications shall be produced pursuant to the parties ESI protocol at a mutually agreed upon date.

10.     To the extent that Defendant contends that it lacks sufficient information with which to respond fully to any Interrogatory, Defendant shall respond to the extent that it is able, describe the information it is lacking that prevents Defendant from more fully responding, and explain why Defendant was unable to obtain that information.  If Defendant does not know exact

dates, amounts, or other facts with certainty, but has information from which Defendant can make an approximate or estimated answer, Defendant should do so and indicate that the answer is approximate or estimated because Defendant lacks more precise information.

11.     These Interrogatories shall be deemed continuing in nature so as to require supplemental responses according to FRCP 26(e) if and when Defendant obtains or discovers additional information between the time of the initial response pursuant to this request and the time of final disposition of this action.

## Interrogatories

### INTERROGATORY NO. 1

Identify all of Defendant's current and former employees, contractors, or agents, who have performed services for or on behalf of Defendant, and for each such person, state their dates of engagement or employment, job title or role, and a brief description of their responsibilities.

Response:

### INTERROGATORY NO. 2

Describe in detail the steps Defendant took in selecting the "Twitter" name and acquiring the "twitter.new" domain name for use in connection with Defendant's Infringing Platform, including by identifying any Persons with knowledge who were involved or consulted, each potential name or domain name that was considered, and any trademark clearance that was done.

Response:

### INTERROGATORY NO. 3

Describe in detail the steps Defendant took in selecting or creating its Infringing Logo, including by identifying any Persons with knowledge who were involved or consulted, and any

trademark clearance that was done, and stating all information, considerations, and criteria

Defendant relied upon in taking selecting or creating the Infringing Logo.

Response:

**INTERROGATORY NO. 4**

Identify all Persons who were involved or consulted in the design and development of the

Infringing Platform, including the role each person played and relevant dates.

Response:

**INTERROGATORY NO. 5**

Describe in detail the facts which support Defendant's claim in Defendant's Answer that

"Bluebird independently developed its branding and graphical elements and did not copy

protectable expression from X Corp."  (D.I. 33 at 19).

Response:

**INTERROGATORY NO. 6**

Describe in detail how Defendant advertises and promotes its goods and services, including

by Identifying any Persons who are involved in any marketing, public relations, client and investor

pitches, or similar promotion of the Infringing Platform.

Response:

**INTERROGATORY NO. 7**

Describe in detail Defendant's target and actual Consumers for its goods and services

Offered or intended to be Offered.

Response:

4

**INTERROGATORY NO. 8**

Describe in detail Defendant's target business partners, including advertisers, partners, sponsors, or investors, for goods and services Offered or intended to be Offered.

Response:

**INTERROGATORY NO. 9**

Identify all Persons who have engaged in a business relationship with Defendant or expressed interest in entering into a business relationship with Defendant, including but not limited to any potential or actual advertisers, sponsors, partners, or investors.  For each such Person, state the name of the entity or individual, the nature of the relationship or proposed relationship, the date(s) of any communications or dealings, and the status of the relationship.

Response:

**INTERROGATORY NO. 10**

Describe in detail all Communications Defendant has received, or is aware of, Concerning the Infringing Platform and mentioning X Corp., Twitter, Inc. or Elon Musk, including but not limited to any Communications which describe, concern, suggest, question, mention or inquire whether the Infringing Platform is produced, provided, sponsored, endorsed by, similar to, or in any manner associated or affiliated with, X Corp., Twitter, Inc., or Elon Musk.

Response:

**INTERROGATORY NO. 11**

Describe in detail the facts that support Defendant's unclean hands defense as pled in its Answer.

Response:

**INTERROGATORY NO. 12**

Identify, for each Interrogatory Defendant responds to in this Action, all Persons who participated in, were consulted with, or contributed to Defendant's answer to the Interrogatory, and state the subject matter of the personal knowledge possessed by each.

Response:

|  |  |
|---|---|
|  | ASHBY & GEDDES |
| Megan K. Bannigan* | |
| Jared I. Kagan* | /s/ Randall J. Teti |
| Nicole M. Flores* | Andrew C. Mayo (#5207) |
| Daniel N. Cohen* | Randall Teti (#6334) |
| DEBEVOISE & PLIMPTON LLP | 500 Delaware Avenue, 8th Floor |
| 66 Hudson Boulevard | P.O. Box 1150 |
| New York, NY 10001 | Wilmington, DE 19899 |
| (212) 909-6000 | (302) 654-1888 |
| mkbannigan@debevoise.com | amayo@ashbygeddes.com |
| jikagan@debevoise.com | rteti@ashbygeddes.com |
| nmflores@debevoise.com | |
| dncohen@debevoise.com | |

*Admitted pro hac vice

Dated: March 30, 2026                    *Attorneys for Plaintiff X Corp.*

6