ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW
500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 2, 2026

The Honorable Chief Judge Colm F. Connolly
United States District Court
844 N. King Street

Wilmington, DE 19801

VIA ELECTRONIC FILING

**REDACTED PUBLIC VERSION**

Re: *X Corp. v. Operation Bluebird, Inc.*,
C.A. No. 25-1510-CFC

Dear Chief Judge Connolly:

X Corp. respectfully submits that Operation Bluebird's ("Bluebird's") Motion should be denied. Although styled as a motion to stay, Bluebird seeks bifurcation under Rule 42 and a stay pending early summary judgment on abandonment. Mot., D.I. 84. Bifurcation "remains the exception rather than the rule," *Sprint Commc'ns v. Charter Commc'ns*, 2021 WL 982730, at *1 (D. Del. 2021), and is "generally disfavored." *Clarity Sports Int'l v. Redland Sports*, 400 F. Supp. 3d 161, 184-85 (M.D. Pa. 2019). Bluebird must show bifurcation avoids prejudice and conserves judicial resources, *see id.*, and "good cause" to modify the Scheduling Order. F.R.C.P. 16(b)(4); D.I. 42.

**Bifurcation Would Waste Judicial Resources and Prejudice X Corp.** Bifurcating this case is neither practical nor efficient. Abandonment is fact-intensive and overlaps with the merits of X Corp.'s claims. Evidence of X Corp.'s use of the TWITTER Marks, marketing and licensing practices, commercial activities, consumer recognition, and enforcement efforts go directly to infringement, including ownership, validity, mark strength, confusion, and damages.

Because abandonment and infringement discovery involve the same custodians, witnesses, and documents, bifurcation would generate duplicative document collection, multiple depositions of the same witnesses, and myriad disputes over what qualifies as "abandonment" discovery. *See Sprint*, 2021 WL 982730, at *3; *Jackson v. Progressive Advanced Ins.*, 2025 WL 3554746, at *11-12 (M.D. Pa. 2025) (denying bifurcation where discovery would overlap); *SenoRx v. Hologic*, 920 F. Supp. 2d 565,

570 (D. Del. 2013) (no judicial economy where disputes would arise over what constitutes liability versus other discovery). The parties have already propounded full discovery requests—Bluebird simply seeks to avoid participating in discovery. Bluebird's claim that third-party discovery will be "crippling" and "harass[ing]," Mot. 2, is speculative; the remedy for improper third-party requests is a targeted Rule 26(c) protective order, not a wholesale stay.

Adjudicating abandonment will not "resolve" the case. Mot. 2. If Bluebird fails to prove abandonment—as it likely will—discovery would have to begin anew. If Bluebird prevails, its cancellation counterclaims based on fraud and § 1120 would still require distinct discovery, as would X Corp.'s copyright infringement claim. Regardless, bifurcation would invite "a second discovery period" and additional motion practice—the "antithesis of judicial efficiency." *Jackson*, 2025 WL 3554746, at *12.

Bluebird also fails to articulate why merits discovery would be unduly burdensome. *See SenoRx*, 920 F. Supp. 2d at 569. While Bluebird labels X Corp.'s standard requests as "sweeping" and "dragnet," it says nothing about the volume of responsive material or custodians, and refused to provide that information during meet-and-confers. As a pre-launch startup with approximately 10 employees, D.I. 36-2 at 170:23-171:4, Bluebird cannot credibly claim an "extremely large" volume of documents. Mot. 2; *see Wood v. Borough of Woodlynne*, 2023 WL 3864849, at *4 (D.N.J. 2023) (bifurcation requires "special circumstances"; speculation is insufficient).[1]

Bluebird's real motivation to bifurcate is clear. Bifurcation would allow Bluebird, who knowingly stole X Corp.'s famous trademarks, to pursue one-sided discovery while it shields its own infringing conduct. Indeed, while Bluebird initially claimed it "independently developed its branding" without copying X Corp., D.I. 33 at 19, [redacted] *See* Ex. 1. Filed just weeks before the July 31 substantial completion deadline, Bluebird's motion is a desperate attempt to suppress damaging discovery.

**Bluebird Lacks Good Cause to Modify the Scheduling Order.** Rule 16(b)(4) "hinges on diligence of the movant." *Scott v. Vantage*, 336 F. Supp. 3d 366, 372 (D. Del. 2018). The parties negotiated the schedule in February, when Bluebird had the

---

[1] Bluebird's cases are inapposite. Mot. 1-2. A stay cannot be justified unless bifurcation is warranted, and Bluebird offers no authority or argument supporting bifurcation here.

facts it now cites for bifurcation. X Corp. sought an expedited schedule; Bluebird resisted, insisting on pushing the dates out because "shaving weeks off" would "only set us up for a series of headaches" and X Corp. had not "articulated any reason that it needs to be done faster." Ex. 2. Indeed, when the Court proposed "expedit[ing] the entire case," Bluebird declined. D.I. 58 at 209:8-10. Bluebird cannot now—after negotiating a longer schedule and exchanging discovery—expedite one issue while staying the rest. That is not diligence; it is a belated attempt to rewrite the schedule to Bluebird's advantage.

Bluebird's motion—contingent on the Court's "inten[t]" to deny the pending preliminary-injunction motion—is also procedurally absurd, asking the Court to preview its ruling and treating any denial as evidence of "likely" abandonment. Mot. 1-2. Bluebird's motion should be denied.

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

cc: All counsel of record (via electronic mail)

## **WORD COUNT CERTIFICATION**

The undersigned hereby certifies that Plaintiff X Corp.'s Letter regarding Operation Bluebird's Motion to Stay contains 750 words (exclusive of the salutation and signature) in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

*/s/ Andrew C. Mayo*
Andrew C. Mayo